# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pao Choua Xiong, | Case No. 20-cv-0473 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Tracy Beltz, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Pao Choua Xiong's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Docket No. 1]; his Application to Proceed In Forma Pauperis (hereinafter "IFP"), [Docket No. 2]; and his Motion for Stay and Abeyance. [Docket No. 3].

For the reasons set forth herein, Petitioner's Motion to Stay is **DENIED**. Furthermore, for the reasons discussed herein, the undersigned recommends the present Petition be **DISMISED without prejudice** and that the IFP Application be **DENIED as moot**.

Petitioner Pao Choua Xiong was convicted in Minnesota state court of a single count of criminal sexual conduct in the first degree, a violation of Minnesota Statute § 609.342.1(g). State of Minnesota v. Xiong, Case No. 62-cr-17-1995 (Ramsey County District Court Sept. 14, 2017). Rather than file a full petition for habeas corpus at this time, Petitioner merely suggests that he intends to pursue ineffective assistance of counsel claims against both his trial and appellate defense counsel on at least three grounds. However, by his own admission, Petitioner has not exhausted these claims in state court via Minnesota's post-conviction proceedings. (See, Petition, [Docket No. 1], at 6).

Along with his Petition, Petitioner filed a Motion for Stay and Abeyance. [Docket No. 3]. Petitioner's Motion for Stay and Abeyance seeks a stay of the present proceeding pursuant to Rhines v. Weber, 544 U.S. 269 (2005) while Petitioner exhausts certain remedies in state court.

In Rhines, the Supreme Court held that "stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court," and the unexhausted claims are not plainly meritless. Id. at 277. In the rare circumstance where a stay is granted, it should be limited to a very short controlled timeframe within which the petitioner may return to state court. Id. at 277–78. As the Court cautioned, no abusive litigation tactics or intentional delay will be tolerated. Id. at 278.

According to Petitioner, a stay is necessary so that he can spend some additional months researching and preparing his ineffective assistance claims before he submits his post-conviction petition in the Minnesota state courts. Petitioner believes he cannot complete that task to his satisfaction, and still file his state court post-conviction petition within the federal one-year deadline established by 28 U.S.C. § 2244(d).

On the present record, Petitioner has not demonstrated good cause for the entry of a stay as required by Rhines. 544 U.S. at 277. As this Court recently explained, Courts do not pre-emptively grant a Rhines stay if a petitioner still has adequate time to file a timely state court petition which tolls the federal clock. See, Morey v. Titus, Case No. 18-cv-2331 (NEB/LIB), 2018 WL 5315248 (D. Minn. Sept. 19, 2018) (discussing premature request to stay the 2254 deadline), report and recommendation adopted, 2018 WL 5314950 (D. Minn. Oct. 26, 2018).

In the present case, Petitioner's state court conviction became final for federal habeas purposes on April 29, 2019. See, State v. Pao Choua Xiong, Case No. A17-1976, 2018 WL

2

6165491 (Minn. Ct. App. 2018);[1] Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001) ("It is settled that the conclusion of direct review includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." (quotation omitted)). Almost two months remain on Petitioner's federal habeas limitations "clock." Petitioner has already identified the claims he wishes to present in a post-conviction petition in state court, even if he subjectively wishes to do more research to flesh them out. (See, Petition [Docket No. 1]). On the record now before the Court, it appears that nothing is stopping Petitioner from filing a state court post-conviction petition within the federal court's one-year limitations period necessary to toll the federal habeas clock; nothing that is other than his own subjective wish for more time to prepare his state petition.

Petitioner has demonstrated a sophisticated enough comprehension of the law to understand the overlap between state and federal habeas filing deadlines, as well as, the possibility of a federal stay. Therefore, he is sophisticated enough to adequately and timely file a pro se post-conviction petition with the Minnesota state courts before April 28, 2020. See, e.g., Holland v. Florida, 560 U.S. 631 (2010). Petitioner has not demonstrated that he faces the "limited circumstances" that would warrant a stay and abeyance as contemplated in Rhines. 544 U.S. at 277–78.

Indeed, nothing is preventing Petitioner from filing his state post-conviction petition today. And should be do so, Petitioner would have more than enough time to renew any putative habeas claims in federal court, if necessary, at the conclusion of his state court post-conviction litigation.

---

[1] On November 26, 2018, the Minnesota Court of Appeals affirmed the conviction in part and reversed in part on a limited issue related to Petitioner's prior Wisconsin conviction and whether it was a proper sentencing enhancement predicate. See, State v. Xiong, Case No. A17-1976 (Minn. Ct. App. Nov. 26, 2018). The Minnesota Supreme Court declined further review on January 29, 2019. See, Id. Petitioner did not pursue a certiorari with the United States Supreme Court, which he had until April 29, 2019, to accomplish. Thus, on April 29, 2019, his one-year period to file a petition for habeas corpus began; that period will expire on April 28, 2020.

Accordingly, Petitioner's Motion for a Stay, [Docket No. 3], is **DENIED**.

This still leaves for this Court's consideration the present Petition itself. The present Petition for a writ of habeas corpus should be dismissed without prejudice because the claims in the Petition have not been exhausted in the state courts as fully admitted by Petitioner. See, Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Petitioner's current unexhausted habeas corpus Petition differently than it is being treated here. Petitioner has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is accordingly recommended that Petitioner not be granted a COA in this matter.

Therefore, based on the foregoing, and on all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED THAT** Petitioners Motion for Stay and Abeyance, [Docket No. 3], is **DENIED**.

Furthermore, based on the foregoing, and on all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of Petitioner Pao Choua Xiong, [Docket No. 1], be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

4

2. Petitioner's IFP Application, [Docket No. 2], be **DENIED as moot**; and

3. No certificate of appealability be issued.


Dated: February 27, 2020                    s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).